UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NATIONAL GRANGE MUTUAL INS. CO.,       :
                                       :
    Plaintiff,                         :
                                       :
    v.                                 :       CASE NO. 3:08CV981(AWT)
                                       :
JUDSON CONSTRUCTION INC., ET AL.,      :
                                       :
    Defendants.                        :

RULING ON DISCOVERY MOTIONS

Pending before the court are the plaintiff's Motion to Compel, doc. #74, and the defendants' Motion for Protective Order, doc. #79. Oral argument was held on April 26, 2011.

## A. **Motion to Compel:**

The motion to compel is granted in part and denied in part, as follows. The defendants' generalized objections as to relevance and scope of discovery are overruled. Any burdensomeness objection is also overruled, because defendants have failed to carry their burden. "[A] party objecting to a discovery request on the grounds that the information sought is unduly burdensome must go beyond the familiar litany that requests are burdensome, oppressive or overly broad and submit affidavits or other evidence revealing the nature of the burden." Schiavone v. Northeast Utilities Serv. Co., NO. 3:08CV429(AWT)(DFM), 2009 U.S. Dist. LEXIS 24517, 5-6 (D. Conn. Mar. 25, 2009)(internal citation and quotation marks omitted). The defendants have not submitted any such evidence.

Because the court agrees with the defendants' objection that discovery regarding the decedent's employment status is not relevant, the Motion to Compel is denied as to the following items directed to Judson Construction: Interrogatory #7, Request #4 and Request #5.  In open court, the plaintiff withdrew Interrogatory #6 directed to the Slater Estate and narrowed Interrogatory #2 directed to the Slater Estate to seek only the type of work Crystal Slater did for Judson Construction, Inc.  The plaintiff argued, and the court agrees, that all remaining interrogatories and production requests about the decedent are relevant because they relate to the kind of work the decedent did rather than to her employment status.

Further, as to all interrogatories and requests for production, the defendants shall respond for the period beginning January 1, 2004 until the cancellation date, September 14, 2007.

**B.** **Motion for Protective Order:**

The defendants' Motion for Protective Order, doc. #79 is denied.  Defendants Judson and Murray shall submit to deposition.

The plaintiff has withdrawn its request to depose Melissa Slater.  Plaintiff still seeks a deposition of Stella Slater, the decedent's grandmother.  However, counsel represented at oral argument that they would depose defendants Judson and Murray first in an effort to obtain all required information so that her deposition might be avoided.  Counsel also agreed that if Stella

Slater is deposed, the deposition would be limited to questions regarding the scope, duration and type of work the decedent did for the Judson defendants.

SO ORDERED at Hartford, Connecticut this 27th day of April, 2011.

```
       /s/_____
Donna F. Martinez
United States Magistrate Judge
```